UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BAHR,<br><br>    Plaintiff,<br><br>vs.<br><br>HOWARD MALDONADO, *et al.*,<br><br>    Defendants. | Case No. 1:12-cv-02020-RRB<br><br>**DISMISSAL ORDER** |

Gregory Bahr, a state prisoner appearing *pro se* and *in forma pauperis* filed a civil rights action under 28 U.S.C. § 1983. At the time he filed the Complaint in this matter Bahr was in the custody of the California Department of Corrections and Rehabilitation incarcerated at the Avenal State Prison. On April 15, 2013, mail sent Bahr at his last known address was returned as undeliverable. Bahr has not informed the Court of his current address.[1]

This Court is also required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] This Court notes that Bahr has a history of filing actions in this District and failing to keep the Court apprised of his current address resulting in dismissal. *See, e.g., Bahr v. Lewis*, 1:00-cv-05395-OWW-HGB; *Bahr v. Lewis*, 1:00-cv-05396-REC-DLB; *Bahr v. Tilton*, 1:08-cv-01173-DLB. This Court takes judicial notice of the records in those cases. Fed. R. Evid. 201.

[2] 28 U.S.C. § 1915A(a).

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[3] This Court has reviewed the Complaint filed herein and has determined that it is utterly without merit. The allegations against Defendant Maldonado, are identical to those raised nearly fifteen years ago in a case that was dismissed for failure to obey a court order and failure to state a cause of action.[4] The other allegations all appear to follow as a result of the claim against Maldonado during the same time frame, or shortly thereafter. "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."[5] The relevant statute of limitations under California law is at most four years.[6] Bahr's current Complaint far exceeds that time on its face.

This Court, having fully considered the matter finds that reasonable jurists could not disagree with this Court's resolution of Bahr's constitutional claims or that jurists could

---

[3] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[4] *Bahr v. Avenal State Prison*, 1:98-cv-06200-REC-SMS.

[5] *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

[6] *See* Cal. Civ. Proc. Code §§ 335.1, 352.1(a) (providing a two-year statute of limitations for personal injury claims, which may be tolled for an additional two years for prisoners).

conclude the issues presented are adequate to deserve encouragement to proceed further. Accordingly, any appeal from this Order would be frivolous or taken in bad faith.[7]

**IT IS THEREFORE ORDERED** that the Complaint on file herein is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The Clerk of the Court is directed to enter judgment of dismissal, with prejudice, which states that the dismissal counts as a "strike" under 42 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 8th day of July, 2013

                                        S/ RALPH R. BEISTLINE
                                        UNITED STATES DISTRICT JUDGE

---

[7] 28 U.S.C. § 1915(a)(3); *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).